

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SANDRA MITCHELL                                                          PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:06cv484TSL-JCS

LEASE FINANCE GROUP,
AND PHILLIPS & COHEN ASSOCIATES                      DEFENDANTS

**ORIGINAL COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

**I.
INTRODUCTION**

1. Comes now the Plaintiff, Sandra Mitchell, by and through counsel, and files this Complaint against the Defendants, Lease Finance Group, and Phillips & Cohen Associates, for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681 *et seq.*, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.*, and in support thereof Plaintiff would show the following, *to-wit*:

**II.
JURISDICTION**

2. Plaintiff respectfully asserts that jurisdiction is proper in this case based upon 28 U.S.C. 1331, in that this dispute involves predominant issues of federal law. Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. 1367.

Venue in this District is proper in that the Defendants directly conduct business here and as such the conduct complained of occurred here.

## III.
## PARTIES

3. That Plaintiff, Sandra Mitchell, is an adult resident citizen of Rankin County, Mississippi.

4. That Defendant, Lease Finance Group, is a foreign corporation which may be served with process of this Court by serving its company president, Dan Dryer, located at 7700 Equitable Drive, Suite 203, Eden Prairie, Minnesota 55344.

5. That Defendant, Phillips & Cohen Associates, is a New Jersey corporation which may be served with process of this Court by serving its registered agent for service of process, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

## IV.
## TRIAL BY JURY

6. That Plaintiff, Sandra Mitchell, is entitled to and hereby requests a trial by jury. U.S. Const. Amend. 7, Fed. R. Civ. Pro. 38.

## V.
## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

7. That Plaintiff, Sandra Mitchell, respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, exemplary or punitive damages may be awarded against the Defendants under federal and state laws.

## VI.
## REQUEST FOR COSTS OF LITIGATION AND ATTORNEYS' FEES

8.   That Plaintiff, Sandra Mitchell, respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to an award of damages and the costs of litigation, Plaintiff also seeks an award of reasonable attorneys' fees incurred.

## VII.
## FACTUAL ALLEGATIONS

9.   That in 2004 Plaintiff accepted an invitation to be the store manager for a new jewelry store established by a friend of hers, Harold Dunga, and named Plantation Fine Jewelry, merchant identification number 7385702.

10.   That the Plaintiff was never a full or part owner, partner, officer, investor, operator or otherwise have any role other than that of store manager for Mr. Dunga's new jewelry store.

11.   That in December of 2004 Mr. Dunga wished to establish a credit card processing account for his jewelry store which resulted in Plaintiff being advised by the sales representative, Cliff Torrence, to sign the lease for such an account in the owner's absence.

12.   That Plaintiff complied with Mr. Torrence's request, despite having advised him that she was only the store's manager, but at the time she signed the lease the "Ownership Information" data fields had not been populated, specifically that data field which says "Title" and followed by in handwriting the word "Part".

13. That there was never a bank account associated with Mr. Dunga's jewelry store on which any other name but that of Harold Dunga's himself appeared alone, nor was Plaintiff ever authorized to operate the business account for Plantation Fine Jewelry.

14. That Plantation Fine Jewelry closed for business during 2005 and Plaintiff found other employment.

15. That despite having closed his jewelry store business, Harold Dunga never returned to SPC, Inc., d/b/a First National Merchant Solutions (hereinafter "SPC"), certain property associated with utilizing a processing account for which they had furnished him for the jewelry store he owned and operated.

16. That SPC issued dunning letters to Plaintiff on at least three occasions dated August 12, 2005, October 3, 2005, and October 13, 2005.

17. That Plaintiff became concerned about SPC furnishing false and derogatory credit data to one or more national consumer reporting agencies regarding the processing account of Mr. Dunga's.

18. That Plaintiff contacted Experian Information Solutions, Inc. ("Experian"), a national consumer reporting agency, and upon confirming that SPC had indeed furnished information to them regarding the jewelry store's processing account, Plaintiff requested an investigation of the Defendant's tradeline.

19. That Experian published its investigation results, dated November 1, 2005, which showed that SPC verified the false and derogatory credit information in Plaintiff's consumer credit files, said information originating from the former processing account used by Harold Dunga for his jewelry store, Plantation Fine Jewelry.

20. That the false and derogatory information furnished by SPC to Experian and, thus, appearing on Plaintiff's November 1, 2005 consumer disclosure from Experian, was a collection account indicating that the Plaintiff was ($708) past due.

21. That Plaintiff subsequently filed suit in this Court and was assigned civil action number 3:06cv56LN (*See* Exhibit "P-1", eighteen-pages including exhibits thereto).

22. That civil action number 3:06cv56LN concluded by compromise of Plaintiff's claims against SPC and was, therefore, dismissed accordingly by-way-of order of dismissal dated May 15, 2006 (*See* Exhibit "P-2", one-page).

23. That Plaintiff subsequently received her consumer disclosures from Experian, dated May 25, 2006 on which she noted that the Defendant, Phillips & Cohen Associates, had conducted an impermissible access of her consumer credit files maintained by the Experian repository on May 23, 2006 (*See* Exhibit "P-3", one-page).

24. That Phillips & Cohen Associates, a third-party debt collector, seeks to collect on the same debt which was the basis for Plaintiff's former civil action in case number 3:06cv56LN.

25. That Plaintiff also discovered that the Defendant, Lease Finance Group, was furnishing false and derogatory credit information to Experian for posting to her consumer credit files which indicated that the same debt which was the basis for Plaintiff's former civil action in case number 3:06cv56LN, had been "charged off" (*See* Exhibit "P-4", one-page).

26. That Plaintiff requested an investigation through Experian of the Defendant Lease Finance Group's tradeline for which Experian published the results of

5

their investigation, dated June 1, 2006 and which resulted in the same tradeline remaining unchanged thereon (*See* Exhibit "P-5", one-page).

## VIII.
## CLAIM FOR RELIEF

27.  Plaintiff repeats, re-alleges, and incorporates by reference to the foregoing paragraphs.

28.  The Defendants' actions evidence a breach of their responsibilities under the FCRA and FDCPA.

29.  That Plaintiff has suffered damages due to the actions, inactions and conduct directed at Plaintiff by the Defendants.

30..  That the Defendants each have duties to the consumer as provided in the FCRA and other states' laws.

31.  That the types of injuries and harms incurred by Plaintiff were foreseeable.

32.  In addition, the Defendants are liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under common law, states' laws and/or for willful violation(s) of the provisions of the FCRA and/or FDCPA.

33.  Defendants have each negligently, recklessly, willfully and/or intentionally violated the FCRA and/or FDCPA and caused damage to Plaintiff.

34.  That Defendants each failed to fulfill their responsibilities under the FCRA to notify the consumer reporting agency(ies) to which it reported of the inaccurate information furnished by them for insertion in to the Plaintiff's consumer credit files.

35.  That Defendants have continued to disseminate false information regarding Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Sandra Mitchell, prays that upon a hearing of this matter, this Honorable Court will enter a judgment against the Defendants for all reasonable damages sustained by her including, but not limited to, compensatory damages, out-of-pocket expenses, costs and time of repairing her credit, loss of privacy, embarrassment, inconvenience, lost economic opportunities, loss of incidental time, frustration, emotional distress, mental anguish, and for punitive damages, attorneys' fees, and court costs, and all other assessments proper by law and any an all other applicable federal and states laws, together with interest thereon from the date of judicial demand until paid, and, further, that this Honorable Court order the Defendants to once-and-for-all resolve Plaintiff's dispute in her favor. Plaintiff prays for other such relief, specific or general, as may be deemed proper by this Court in this matter.

Respectfully submitted,

SANDRA MITCHELL, Plaintiff

BY: _____
JOSEPH PATRICK FRASCOGNA
*Attorney for the Plaintiff*

JOSEPH PATRICK FRASCOGNA, MSB #8897
FRASCOGNA COURTNEY, PLLC
4400 Old Canton Road, Suite 220
Jackson, Mississippi 39211
Telephone: 601.987.3000
Facsimile:  601.987.3001
Email:      pfrascogna@frascourtlaw.com



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SANDRA MITCHELL                                        PLAINTIFF

v.                            CIVIL ACTION NO. 3:06CV56TSL-AGN

SPC, INC., D/B/A
FIRST NATIONAL MERCHANT SOLUTIONS         DEFENDANT

## ORIGINAL COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

### I. INTRODUCTION

1.     Comes now the Plaintiff, Sandra Mitchell, by and through counsel, and files this Complaint against the Defendant, SPC, Inc., d/b/a First National Merchant Solutions, for violations of the Fair Credit Reporting Act (FCRA), and in support thereof Plaintiff would show the following, *to-wit*:

### II. JURISDICTION

2.     Plaintiff respectfully asserts that jurisdiction is proper in this case based upon 28 U.S.C. 1331, in that this dispute involves predominant issues of federal law. Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. 1367.



Venue in this District is proper in that the Defendant directly conducts business here and as such the conduct complained of occurred here.

## III.
## PARTIES

3. That Plaintiff, Sandra Mitchell, is an adult resident citizen of Rankin County, Mississippi.

4. That Defendant, SPC, Inc., d/b/a First National Merchant Solutions, is a Nebraska corporation which may be served with process of this Court by serving its president, Nick Baxter, located at 1620 Dodge Street, Omaha, Nebraska 68197.

## IV.
## TRIAL BY JURY

5. That Plaintiff, Sandra Mitchell, is entitled to and hereby requests a trial by jury. U.S. Const. Amend. 7, Fed. R. Civ. Pro. 38.

## V.
## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

6. That Plaintiff, Sandra Mitchell, respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, exemplary or punitive damages may be awarded against the Defendant under federal and state laws.

## VI.
## REQUEST FOR COSTS OF LITIGATION AND ATTORNEYS' FEES

7. That Plaintiff, Sandra Mitchell, respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to an award of damages and the costs of litigation, Plaintiff also seeks an award of reasonable attorneys' fees incurred.

## VII.
## FACTUAL ALLEGATIONS

8. That in 2004 Plaintiff accepted an invitation to be the store manager for a new jewelry store established by a friend of hers, Harold Dunga, and named Plantation Fine Jewelry, merchant identification number 7385702.

9. That the Plaintiff was never a full or part owner, partner, officer, investor, operator or otherwise have any role other than that of store manager for Mr. Dunga's new jewelry store.

10. That in December of 2004 Mr. Dunga wished to establish a credit card processing account for his jewelry store which resulted in Plaintiff being advised by the sales representative, Cliff Torrence, to sign the lease for such an account in the owner's absence (*See* Exhibit "P-1", seven-pages total).

11. That Plaintiff complied with Mr. Torrence's request, despite having advised him that she was only the store's manager, but at the time she signed the lease the "Ownership Information" data fields had not been populated, specifically that data field which says "Title" and followed by in handwriting the word "Part".

12. That there was never a bank account associated with Mr. Dunga's jewelry store on which any other name but that of Harold Dunga himself appeared alone nor was Plaintiff ever authorized to operate the business account for Plantation Fine Jewelry.

3

13. That Plantation Fine Jewelry closed for business during 2005 and Plaintiff found other employment.

14. That despite having closed his jewelry store business, Harold Dunga has never returned to the Defendant certain property associated with utilizing a processing account.

15. That Defendant has issued dunning letters to Plaintiff on at least three occasions dated August 12, 2005, October 3, 2005, and October 13, 2005 (*See cumulative* Exhibit "P-2", three-pages total).

16. That Plaintiff became concerned about the Defendant furnishing false and derogatory credit data to one or more national consumer reporting agencies regarding the processing account Mr. Dunga had for his jewelry store.

17. That Plaintiff contacted Experian Information Solutions, Inc. ("Experian"), a national consumer reporting agency, and upon confirming that the Defendant had indeed furnished information to them regarding the jewelry store's processing account, Plaintiff requested an investigation of the Defendant's tradeline.

18. That Experian published its investigation results, dated November 1, 2005, which show that the Defendant verified the false and derogatory credit information in Plaintiff's consumer credit files, said information originating from the former processing account used by Harold Dunga for his jewelry store, Plantation Fine Jewelry (*See* Exhibit "P-3", pages one and two of two).

19. That the false and derogatory information furnished by the Defendant to Experian and, thus, appearing on Plaintiff's November 1, 2005 consumer disclosure from Experian, is a collection account indicating that the Plaintiff is ($708) past due.

## VIII.
## CLAIM FOR RELIEF

20. Plaintiff repeats, re-alleges, and incorporates by reference to the foregoing paragraphs.

21. The Defendant's actions evidence a breach of their responsibilities under the FCRA.

22. That Plaintiff has suffered damages due to the actions, inactions and conduct directed at Plaintiff by the Defendant.

23. That the Defendant has duties to each consumer as provided in the FCRA and other states' laws.

24. That the types of injuries and harms incurred by Plaintiff were foreseeable.

25. In addition, the Defendant is liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under common law, states' laws and/or for willful violation(s) of the provisions of the FCRA.

26. Defendant has negligently, recklessly, willfully and/or intentionally violated the FCRA and caused damage to Plaintiff.

27. That Defendant failed to fulfill its responsibilities under the FCRA to notify the consumer reporting agency(ies) to which it reported of the inaccurate information furnished by them for insertion in to the Plaintiff's consumer credit files.

28. That Defendant has continued to disseminate false information regarding Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Sandra Mitchell, prays that upon a hearing of this matter, this Honorable Court will enter a judgment against the

Defendants for all reasonable damages sustained by her including, but not limited to, compensatory damages, out-of-pocket expenses, costs and time of repairing her credit, loss of privacy, embarrassment, inconvenience, lost economic opportunities, loss of incidental time, frustration, emotional distress, mental anguish, and for punitive damages, attorneys' fees, and court costs, and all other assessments proper by law and any an all other applicable federal and states laws, together with interest thereon from the date of judicial demand until paid, and, further, that this Honorable Court order the Defendants to once-and-for-all resolve Plaintiff's dispute in her favor. Plaintiff prays for other such relief, specific or general, as may be deemed proper by this Court in this matter.

Respectfully submitted,

SANDRA MITCHELL, Plaintiff

*/s/ Sandra Mitchell*

OF COUNSEL:

*/s/ Joseph Patrick Frascogna*

JOSEPH PATRICK FRASCOGNA, MSB #8897
FRASCOGNA COURTNEY, PLLC
6360 I-55 North, Suite 150
Post Office Box 23126
Jackson, Mississippi 39225-3126
Telephone: 601.987.3000
Facsimile: 601.987.3001

STATE OF MISSISSIPPI

COUNTY OF HINDS

Personally appeared before me, the undersigned authority in and for the jurisdiction aforesaid, on this the ___ day of January 2006, within my jurisdiction, the within named, SANDRA MITCHELL, who acknowledged that she executed the above and foregoing instrument and stated on her oath that the matters and things set forth in the above and foregoing Complaint are true and correct as therein stated.

_____
NOTARY PUBLIC

My Commission Expires:
Notary Public State of Mississippi At Large
My Commission Expires: December 8, 2008
Bonded Thru Heiden, Brooks & Garland, Inc.

7